UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
U.S. UNDERWRITERS INSURANCE COMPANY,

                Plaintiff,

-against-

MILLENNIUM CARE, INC., DENISE PERRY, WILLIAM H. PERRY, TERRENCE COUSINS, by his grandmother and legal guardian LA VAIDA THOMAS, LA VAIDA THOMAS, individually, and THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------x

JUDGE RAKOFF

CIV:

**08 CV 0985**

**COMPLAINT**



Plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY ("U.S. UNDERWRITERS"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff was and still is a corporation duly organized and existing under and by virtue of the laws of North Dakota, with its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania.

2. At all times hereinafter mentioned, plaintiff issued policies of insurance through agents in the State of New York.

3. Upon information and belief Millennium Care, Inc. is a domestic corporation with premises located at 2542 Frederick Douglass Boulevard, New York, New York 10030.

4. Upon information and belief, Denise Perry is a resident of 133 West 179th Street, Bronx, New York 10453.

5. Upon information and belief, WILLIAM H. PERRY was and is a resident of 134 West 180th Street, Bronx, New York.

6. Upon information and belief, at all times hereinafter mentioned, Defendant TERRENCE COUSINS, by his grandmother and legal guardian LA VAIDA THOMAS, was and is a resident of 951 Prospect Avenue, Apt. 3D, Bronx, New York 10459.

7. Upon information and belief, LA VAIDA THOMAS was and is a resident of 951 Prospect Avenue, Apt. 3D, Bronx, New York 10459.

8. THE CITY OF NEW YORK (the "City") was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

## JURISDICTION

9. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

10. A controversy exists between the parties as to the coverage afforded under U.S. Underwriters' policy of insurance number CL 3079515A, as well as the provisions of said policy.

11. Plaintiff has no adequate remedy at law.

## THE POLICY

12. U.S. Underwriters Insurance Company issued a Commercial Liability Policy, policy number CL 3079515A, to Millennium Care, Inc. for the policy period September 26, 2005 to September 26, 2006, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## THE UNDERLYING ACTION

13. On or about November 15, 2005, a lawsuit was filed, entitled, <u>Terrence Cousins, by his grandmother and legal guardian, La Vaida Thomas and La Vaida Thomas, individually against the City of New York and William H. Perry</u>, in the Supreme Court of the State of New York, County of Bronx, Index No. 23677/05..

14. On or about February 23, 2007, a Supplemental Summons and Verified Complaint were filed in the Supreme Court of the State of New York, County of Bronx, entitled, <u>Terrence Cousins, by his grandmother La Vaida Thomas and legal guardian La Vaida Thomas, and La Vaida Thomas, individually v. The City of New York, William H. Perry and Millennium Care, Inc.</u>, seeking damages for alleged bodily injuries sustained by TERRENCE COUSINS as a result of his fall on June 12, 2005 ("the Underlying Personal Injury Action").

15. It is alleged in the Underlying Personal Injury Action that on or about June 12, 2005, TERRENCE COUSINS, while traversing on the sidewalk adjacent to the fenced-in lot located between the premises located at 601 East 163rd Street and 955 Cauldwell Avenue, Bronx, New York, was caused to sustain injuries.

16. U.S. Underwriters has retained counsel to represent Millennium Care, Inc. in the Underlying Personal Injury Action, subject to coverage issues under the Policy.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 16 as if fully set forth at length herein.

18. Millennium Care Inc.'s liability policy with U.S. Underwriters states in pertinent part as follows:

3

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event of Occurrence, Offense, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
(1) How, when and where the "occurrence" or offense took place;
(2) The name and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:
(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

19. The accident at issue in the Underlying Personal Injury Action took place on June 12, 2005.

20. U.S. Underwriters did not receive any notice of the occurrence from Millennium Care, Inc., Denise Perry, William H. Perry, Terrence Cousins or La Vaida Thomas or the City.

21. U.S. Underwriters did not receive any notice of the claim from Millennium Care, Inc., Denise Perry, William H. Perry, Terrence Cousins or La Vaida Thomas or the City.

22. The Policy condition requiring notice to U.S. Underwriters of occurrence or claim was, therefore, breached.

23. The lawsuit was filed on November 15, 2005 as against the City and William H. Perry.

24. On or about July 31, 2006, a letter was sent from attorneys for Terrence Cousins to William H. Perry notifying him of the lawsuit.

25. The Supplemental Summons and Complaint was filed on February 23, 2007.

26. U.S. Underwriters was notified of the lawsuit on or about August 27, 2007 with the Complaint and Notice of Motion for Default Judgment.

27. U.S. Underwriters issued letters dated August 30, 2007 and September 21, 2007 disclaiming on the basis of late notice.

28. The disclaimer letters were also sent to the attorneys for the plaintiffs.

29. The policy condition requiring timely notice to U.S. Underwriters of the lawsuit was breached by Millennium Care, Inc., Denise Perry, William H. Perry, Terrence Cousins, La Vaida Thomas and the City.

30. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify Millennium Care, Inc., Denise Perry, or William H. Perry with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

31. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify La Vaida Thomas, Terrence Cousins and the City with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

## AS AND FOR A SECOND CAUSE OF ACTION

32. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 31 as if fully set forth at length herein.

33. Millennium Care, Inc.'s liability policy with U.S. Underwriters states in pertinent part as follows:

### LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

      Commercial General Liability Coverage Part

      Premises:

      Project:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

    1.    The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

    2.    The project shown in the Schedule.

34. The policy's declaration page indicates that the location of all premises you own, rent or occupy is: 601 East 163rd Street, Bronx, New York, 10451.

35. The Complaint in the Underlying Personal Injury Action states that the occurrence took place on the sidewalk adjacent to the fenced-in lot located between 601 East 163rd Street and 955 Cauldwell Avenue, Bronx, New York.

36. The location, 955 Cauldwell Avenue, Bronx, New York, 10451 is not a covered location under the policy.

37. If the occurrence at issue in the Underlying Personal Injury Action did not take place within the premises covered by the policy, there is no coverage for the claims under the U.S. Underwriters policy number CL 3079515A.

38. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify Millennium Care, Inc., Denise Perry, or William H. Perry with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

39. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify La Vaida Thomas, Terrence Cousins and the City with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

**WHEREFORE**, plaintiff U.S. UNDERWRITERS INSURANCE COMPANY prays that judgment be made and entered herein:

(a)     declaring that plaintiff is not obligated to defend and/or indemnify Millennium Care, Inc., Denise Perry, William H. Perry, Terrence Cousins, La Vaida Thomas and the City of New York under U.S. UNDERWRITERS liability Policy Number CL 3079515A with respect to the claims in the Underlying Personal Injury Action; and

(b)     granting to plaintiff such other and further relief as to this Court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:     Mineola, New York
           January 28, 2008

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Plaintiff
**U.S. UNDERWRITERS
INSURANCE COMPANY**

By:_____
Steven Verveniotis
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No.: 07-558